UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Elizabeth Shogan,<br><br>   Plaintiff,<br><br>v.<br><br>Diversified Consultants, Inc.,<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE MICHIGAN OCCUPATIONAL CODE, THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Elizabeth Shogan ("Elizabeth"), is a natural person who resided in West Bloomfield, Michigan, at all times relevant to this action.

2. Defendant, Diversified Consultants, Inc. ("DCI"), is a Florida corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

-1-

4. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Elizabeth's claims under the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901, et seq., because those claims share a common nucleus of operative facts with Elizabeth's claims under the FDCPA. See *Litt v. Midland Credit Management, Inc.*, 2014 WL 1977137 (E.D. Mich. May 15, 2014) (in case based on debt collector's alleged violation of federal consumer protection statutes, supplemental jurisdiction exercised over claims under MOC).

5. Elizabeth is permitted to bring an FCCPA action against DCI in this Court because FCCPA applies to Florida debt collectors, even when they are communicating with a non-Florida resident in connection with the collection of a debt. See Bank of Am., N.A., 2016 WL 2897410, *11 (S.D. Fla. May 18, 2016); citing Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen., 761 So.2d 1256 (Fla. Dist. Ct. App. 3d 2000); see also Mlynek v. Household Fin. Corp., 2000 WL 1310666, *4-5 (N.D. Ill. Sep. 13, 2000) (allowing Illinois resident to bring FCCPA action).

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. At all times relevant to this action, DCI collected consumer debts.

8. DCI regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of DCI's revenue is debt collection.

10. DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, DCI contacted Elizabeth to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Elizabeth is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Within the past twelve months, DCI began calling Elizabeth on Elizabeth's cellular phone ending in -2765 in connection with the collection of a debt.

15. Shortly after the calls began, Elizabeth advised DCI she was on disability and could not afford to make a payment.

16. In addition, Elizabeth communicated her desire that DCI cease calling her.

17. Despite this communication, DCI continued to call Elizabeth on Elizabeth's cellular phone in connection with the collection of the debt.

18. On several occasions, DCI telephoned Elizabeth multiple times a day.

19. On more than one occasion, Elizabeth communicated her desire that DCI cease calling her.

20. On more than one occasion, Elizabeth explained to DCI that she was on disability and unable to pay the debt.

21. During one conversation, after Elizabeth communicated her desire that DCI cease calling her, DCI responded rudely by asking Elizabeth if she paid her bills.

22. In addition, during one conversation when Elizabeth mentioned FDCPA, DCI called Elizabeth a highly offensive term and then abruptly hung up on her.

23. On more than one occasion, DCI called Elizabeth from a different number listed as "Private" so as to conceal who was calling.

24. On more than one occasion, DCI called Elizabeth's father ("Father") on his residential landline in connection with the collection of the debt. During the initial conversation, Father advised DCI that Elizabeth did not live with Father and communicated his desire that DCI cease calling Father.

25. Despite this communication, DCI continued to call Father on his residential landline.

26. At the time of these communications with Father, DCI already had Elizabeth's location information.

27. DCI's collection efforts, including but not limited to its telephone calls, caused Elizabeth emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

28. DCI's collection efforts also intruded upon Elizabeth's privacy.

29. In addition, each time DCI placed a telephone call to Elizabeth, DCI occupied Elizabeth's telephone number such that Elizabeth was unable to receive other phone calls at that telephone number while DCI was calling her.

30. DCI's telephone calls also forced Elizabeth to lose time by having to tend to DCI's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Elizabeth re-alleges and incorporates by reference Paragraphs 7 through 30 above as if fully set forth herein.

32. DCI violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Elizabeth's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

33. Elizabeth re-alleges and incorporates by reference Paragraphs 7 through 30 above as if fully set forth herein.

34. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no

evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

35. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

36. The likely effect of DCI's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Elizabeth.

37. DCI violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Elizabeth in connection with the collection of the debt.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Elizabeth re-alleges and incorporates by reference Paragraphs 7 through 30 above as if fully set forth herein.

39. DCI violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

## Violations of the Michigan Occupational Code

40. Elizabeth re-alleges and incorporates by reference Paragraphs 7 through 30 above as if fully set forth herein.

41. DCI is a "collection agency" as that term is defined in the MOC, Mich. Comp. Laws § 339.901(b).

42. Elizabeth is a "consumer" as defined by the MOC and is a person whom the act was intended to protect, Mich. Comp. Laws § 339.901(f).

43. DCI attempted to collect a "debt" within the meaning of Mich. Comp. Laws § 339.901(a).

44. DCI willingly and knowingly violated Mich. Comp. Laws § 339.915(n) by using harassing, oppressive, or abusive methods to collect a debt.

45. DCI willingly and knowingly violated Mich. Comp. Laws § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

46. DCI's willful violations of the MOC entitle Elizabeth to a civil penalty of not less than three (3) times the actual damages he sustained as a result of DCI's violations of the MOC.

## COUNT FIVE

## Violations of the Florida Consumer Collection Practices Act

47. Elizabeth re-alleges and incorporates by reference Paragraphs 7 through 30 above as if fully set forth herein.

48. DCI is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

49. Elizabeth is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

50. DCI attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

51. DCI willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Elizabeth or Elizabeth's family member with such frequency as can reasonably be expected to harass Elizabeth or Elizabeth's family member, or engaging in other conduct which can reasonably be expected to abuse or harass Elizabeth or Elizabeth's family member.

52. DCI willingly and knowingly violated Fla. Stat. § 559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with Elizabeth.

## JURY DEMAND

53. Elizabeth demands a trial by jury.

## **PRAYER FOR RELIEF**

54. Elizabeth prays for the following relief:

    a. Judgment against DCI for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against DCI for actual damages, statutory damages, costs and reasonable attorney's fees, plus a civil penalty of not less than three (3) times Elizabeth's actual damages, pursuant to Mich. Comp. Laws § 339.916.

    c. Judgment against DCI for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: June 14, 2017

By:  /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
HYSLIP & TAYLOR, LLC LPA
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
Ohio Bar No. 0079315
*One of Plaintiff's Attorneys*